UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE McCARDLE, | ) | CIV. 03-4092-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTIONS |
| | ) | FOR SUMMARY JUDGMENT |
| MITCHELL SCHOOL DISTRICT, | ) | AND TO STRIKE |
| | ) | |
| Defendant. | ) | |

Defendant, Mitchell School District, moves for summary judgment and moves to strike portions of depositions plaintiff, Catherine McCardle, relied upon in opposition to the motion for summary judgment. McCardle opposes both motions. District's motions for summary judgment and to strike are denied.

## BACKGROUND

The facts are taken in a light most favorable to the nonmoving party, the plaintiff, Catherine McCardle. McCardle has worked as a part-time physical education (PE) teacher at the Mitchell School District since 1998. In this capacity, she has taught and supervised both males and females. She also taught an adaptive P.E. course, which required assisting a physically challenged male student with tasks such as changing him into his bathing suit.

In March 2002, the District notified school staff of a vacancy in the middle school for a full-time PE teaching position after an employee retired. The job description neither specified a gender preference nor limited applicants to a specific gender. District did not have a written job description, qualification requirements, or policies that documented gender as a bona fide qualification for the position. Both males and females received notice of the position, and District did not notify potential female candidates that gender was a qualification for the position.

The middle school PE classes are co-ed. Students are not separated by gender when participating in sports or when sensitive issues such as health and reproductive classes are taught. It is undisputed that PE teachers supervise locker rooms at times and dangerous situations can arise in the locker rooms. Usually individuals of the same sex supervise locker rooms, but this is not always the case. On occasion the locker rooms are unsupervised. Occasionally, individuals other than PE teachers are assigned supervision duties, including other teachers, aides, and high school and college students. Opposite sex teachers will enter locker rooms after announcing their intention in the case of an emergency.

McCardle applied for the position on March 18, 2002, with a transfer request. On March 25, 2002, McCardle received an e-mail from the principal indicating that he would consider both in-district transfers and

outside candidates. He stated that he would interview at least the top three candidates. District hired a male (Musser) for the full-time teaching position. District admitted that it intentionally only interviewed male candidates for the position and that McCardle was not considered for the position because the District needed a male for the position. At the time of the hiring, Musser did not have a valid teaching certificate, he was not engaged in teaching, he was not certified to teach swimming, which was a mandatory part of the PE curriculum for the 7th grade, and he was not certified to perform CPR or first-aid. McCardle had a valid South Dakota teaching certificate and was currently employed teaching PE, she was certified to teach swimming, and she had her CPR and first-aid certifications.

McCardle filed a petition with the South Dakota Division of Human Rights on July 2, 2002 and received a probable cause finding on November 15, 2002. On March 12, 2003, McCardle received a right to sue letter from the United States Department of Justice, Civil Rights Division. She filed this action on April 23, 2003, alleging discrimination under Title VII of the Civil Rights Act of 1964 and violation of South Dakota's human rights laws. In its amended answer filed July 25, 2003, District raised the affirmative defense that same-sex monitoring and observation of a locker room is a bona fide occupational qualification (BFOQ) under federal law and

does not violate Title VII.  In its amended answer, District admits there was no written policy adopted by the District's School Board that stated that gender was a qualification for the PE position in question, but it contends that it had a de facto policy of providing same-sex monitoring of locker rooms.

District now moves for summary judgment and to strike Friebel's deposition.  McCardle opposes both motions.

### LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.  The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of

material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

### *1. Motion to Strike Friebel Deposition*

District moves to strike significant portions of Friebel's deposition, alleging that questions asked by McCardle's counsel were leading. Normally, leading questions may only be used for cross-examination. Fed. R. Evid. 611(c). When a party deposes the adverse party's witness, the roles for use of leading questions is reversed. Alpha Display Paging, Inc. v. Motorola Communications & Elecs., Inc., 867 F.2d 1168, 1171 (8th Cir. 1989). Nevertheless, the district court has great discretion in overseeing the manner of witness interrogation and it is not an abuse of discretion to allow a party to use leading questions during its cross-examination of its own witness who was called adversely by the opposing party. Id. For purposes

5

of summary judgment, the court declines to strike Friebel's deposition testimony.

### 2. *Summary Judgment*

District alleges that federal anti-discrimination laws allow consideration of gender in jobs involving supervision of single-sex locker rooms and therefore, it is entitled to summary judgment. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . gender." 42 U.S.C. § 2000e-2(a)(1). Under Title IX of the Education Amendments of 1972, educational programs and activities that receive federal financial assistance cannot discriminate against or exclude any person on the basis of sex. 20 U.S.C. § 1681(a). Title IX applies to "promotion, demotion, transfer, job assignments, classifications and structure, including position descriptions, and any other term, condition, or privilege of employment." Brine v. University of Iowa, 90 F.3d 271, 275-76 (8th Cir. 1996).

Because District admits open and explicit use of gender, this case turns on whether such overt disparate treatment is for some reason justified under Title VII. See Healey v. Southwood Psychiatric Hosp., 78 F.3d 128, 132 (3d Cir. 1996). An employment practice that is a BFOQ is a justification for overt discrimination and is not a violation of Title VII.

6

Chambers v. Omaha Girls Club, Inc., 834 F.2d 697, 704 (8th Cir. 1987); Healey, 78 F.3d at 132. "The BFOQ is 'an extremely narrow exception to the general prohibition of discrimination on the basis of sex.'" Gunther v. Iowa State Men's Reformatory, 612 F.2d 1079, 1085 (8th Cir.), cert. denied, 446 U.S. 966, 100 S. Ct. 2942, 64 L. Ed. 2d 825 (1980) overruled on other grounds by Kremer v. Chemical Constr. Corp., 456 U.S. 461,102 S. Ct. 1893, 72 L. Ed. 2d 262 (1982) (quoting Dothard v. Rawlinson, 433 U.S. 321, 334, 97 S. Ct. 2720, 2729, 53 L. Ed. 2d 7861 (1977)). Under the BFOQ defense, overt gender-based discrimination is sanctioned if sex "is a bona fide occupational qualification reasonably necessary to the normal operation of [a] particular business or enterprise[.]" 42 U.S.C. § 2000e-2(e)(1).

The burden of establishing the BFOQ defense is on the employer. International Union, United Auto., Aerospace & Agric. Implement Workers, UAW v. Johnson Controls, Inc., 499 U.S. 187, 200, 111 S. Ct. 1196, 1204, 113 L. Ed. 2d 158 (1991). The employer must have a "basis in fact" for its belief that no members of one sex could perform the job in question. Dothard, 97 S. Ct. at 2730. Furthermore, the employer must also show that it "could not reasonably arrange job responsibilities in a way to minimize a clash between the privacy interests of [students], and the non-discriminatory principle of Title VII." Gunther, 612 F.2d at 1086.

The court finds that disputed issues of material facts exist as to whether locker room supervision is a BFOQ of the PE teaching position. District alleges that boy's locker room supervision is a requirement of the PE teaching position and that it could legitimately consider gender as a BFOQ for "considering an employee's sex in relation to employment in a locker room or toilet facility used only by members of one sex." 34 C.F.R. § 106.61.  McCardle disputes that same-sex locker room supervision is an actual requirement of the PE teaching position for which she applied.  If it is not a BFOQ, then McCardle may be entitled to relief.  The announcement and job description were silent as to a gender requirement or a male locker room supervision requirement. McCardle claims and District admits such a requirement was not made known until after a male was hired.  Even though District claims people were generally aware that a balance of male and female physical education teachers was necessary and well known, this issue is reasonably disputed.

The court also finds that disputed issues of material fact exist as to whether District could not "reasonably rearrange" job responsibilities if it hired a female PE teacher.  Despite District's claim that a balance of male and female physical education teachers was necessary, it is undisputed that occasionally members of the opposite sex supervise locker rooms and occasionally nobody supervises locker rooms.  See Levin v. Delta Air Lines,

Inc., 730 F.2d 994, 998 (5th Cir. 1984) (inconsistency in an employer's practices is relevant in determining whether a particular attribute is a BFOQ). Although scheduling would likely be easier if a male were hired, a disputed issue of material fact exists as to whether District could not reasonably arranging job responsibilities if a female were hired. Because disputed issues of material fact remain, District's motion for summary judgment is denied. Accordingly, it is hereby

IT IS ORDERED that defendant's motion for summary judgment (Docket 49) is denied; and

IT IS FURTHER ORDERED that defendant's motion to strike Friebel's deposition (Docket 52) is denied.

Dated May 11, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE