UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE McCARDLE, | ) | CIV. 03-4092-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | FOR INTERLOCUTORY |
| MITCHELL SCHOOL DISTRICT, | ) | APPEAL |
| | ) | |
| Defendant. | ) | |

After this court denied summary judgment, defendant moved for interlocutory appeal of the court's summary judgment order under 28 U.S.C. § 1292(b). Plaintiff opposes the motion alleging that defendant does not meet the requirements of 28 U.S.C. § 1292(b). Defendant's motion for interlocutory appeal is denied.

Due to the additional burden on the court and litigants, courts should "discourage piece-meal appeals." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). In addition, interlocutory appeals should be granted sparingly and only in exceptional cases, such as where appellate decisions may avoid protracted litigation. Id. The moving party seeking interlocutory appeal "bears the heavy burden" of proving interlocutory appeal is warranted. Id. Section 1292(b) requires three factors be met prior to certifying an appeal: "(1) the order 'involves a controlling question of law'; (2) 'there is substantial

ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" Id. at 377 (quoting Paschall v. Kansas City Star, Co., 605 F.2d 403, 406 (8th Cir. 1979)).

### 1. Controlling Question of Law

Defendant has not articulated what controlling question of law is involved here. The court found that several material issues of fact remain unresolved, namely whether boys' locker room supervision is a requirement of the co-ed middle school PE teacher position and if so, whether the District could "reasonably rearrange" job responsibilities if it hired a female PE teacher. These factual disputes cannot be resolved on appeal.

### 2. Substantial Difference of Opinion

A substantial difference of opinion might arise where conflicting court opinions demonstrate disagreement. White 43 F.3d at 378. No one disputes that if boys' locker room supervision is an actual requirement of the position, then it is a bona fide occupational qualification (BFOQ). And if it is a BFOQ, no one disputes that the next question is whether or not defendant can reasonably rearrange plaintiff's job responsibilities in a way to minimize a clash between the primary interests of the students and the non-discriminatory principle of Title VII. See Gunther v. Iowa State Men's Reformatory, 612 F.2d 1079, 1085 (8th Cir.), cert. denied, 446 U.S. 966, 100 S. Ct. 2942, 64 L. Ed. 2d 825 (1980) overruled on other grounds by Kremer

v. Chemical Constr. Corp., 456 U.S. 461, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982). Lacking a substantial ground for difference of opinion, defendant does not satisfy this element. The only differences of opinion are questions of fact, not of the law.

### 3. Materially Advance Outcome of Case

If a dispute only results in delay and the case will proceed in "substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378-79. The termination of litigation factor applies when upon reversal, the litigation would end. Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993). That is not the case here. Even if the Eighth Circuit Court of Appeals found as a matter of law that boys' locker room supervision is a BFOQ, an issue of fact for the jury remains on whether defendant could reasonably rearrange plaintiff's job responsibilities to minimize the clash. Defendant has not met its burden of establishing that an interlocutory appeal would likely advance the termination of the litigation. In addition, this case is scheduled for trial in September 2005. The court does not anticipate any complex issues warranting a lengthy trial. This matter will likely be resolved entirely before any ruling from the Eighth Circuit. Because defendant fails to meet any of the three requirements to

certify an interlocutory appeal, its motion is denied. Accordingly, it is hereby

ORDERED that defendant's motion for interlocutory appeal (Docket 69) is denied.

Dated June 29, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE